[Cite as *State v. Edwards*, 2012-Ohio-901.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 25679 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMMOT L. EDWARDS | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 03 0820 |

DECISION AND JOURNAL ENTRY

Dated: March 7, 2012

---

CARR, Judge.

{¶1} Appellant, Jammot Edwards, appeals his conviction and sentence in the Summit County Court of Common Pleas. This Court affirms, in part, and reverses, in part.

I.

{¶2} Edwards was indicted on nine counts and various specifications. At the conclusion of trial, the jury found him guilty of one count each of receiving stolen property, possession of marijuana, illegal use or possession of drug paraphernalia, and possessing criminal tools. The trial court imposed a term of incarceration but suspended it on the condition that Edwards successfully complete two years of community control. In addition, the trial court imposed nine enumerated sanctions, including orders that Edwards repay the county for attorney fees incurred in the case, with such to be taxed as court costs; and that Edwards pay the attorney fees and costs of the prosecution. Edwards appealed, raising seven assignments of error for review. This Court consolidates some assignments of error to facilitate review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED MR. EDWARDS FOR POSSESSING CRIMINAL TOOLS AND RECEIVING STOLEN PROPERTY AS THEY WERE ALLIED OFFENSES OF SIMILAR IMPORT SUBJECT TO MERGER UNDER R.C. 2941.25 FOR PURPOSES OF SENTENCING.

## ASSIGNMENT OF ERROR II

MR. EDWARDS WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT POSSESSING CRIMINAL TOOLS AND RECEIVING STOLEN PROPERTY WERE ALLIED OFFENSES OF SIMILAR IMPORT SUBJECT TO MERGER UNDER R.C. 2941.25 FOR PURPOSES OF SENTENCING.

{¶3} In his first assignment of error, Edwards argues that the trial court erred when it sentenced him on both possessing criminal tools and receiving stolen property because the two crimes are allied offenses of similar import. In his second assignment of error, he argues that his trial counsel was ineffective for failing to argue that the two crimes are allied offenses of similar import which must be merged for purposes of sentencing.

{¶4} After Edwards was sentenced in this case, the Ohio Supreme Court announced a new test for determining whether multiple offenses constitute allied offenses for sentencing purposes. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, syllabus. The *Johnson* court held that "[w]hen determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Id*. Because *Johnson* was decided after the trial court sentenced Edwards, it did not have the opportunity to apply the test enunciated in *Johnson* to determine whether the offenses at issue were allied. Moreover, if so, the State did not have the opportunity to elect on which offense it wished to proceed for sentencing. Since the high court's decision in *Johnson*, this Court has consistently

remanded similar cases for further proceedings to allow the trial court to apply *Johnson* and make this determination in the first instance. *See, e.g., State v. Cleland*, 9th Dist. No. 09CA0070-M, 2011-Ohio-6786; *State v. Creel*, 9th Dist. No. 25476, 2011-Ohio-5893; *State v. Vitt*, 9th Dist. No. 10CA0016-M, 2011-Ohio-1448. Accordingly, Edwards' first assignment of error is sustained. We reverse Edwards' sentence, and remand this case to the trial court for further proceedings consistent with this opinion. In light of our resolution of the first assignment of error, we decline to address the second assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR III

> THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT OVERRULED MR. EDWARDS' CRIM. R. 29(A) MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE THE EVIDENCE WAS INSUFFICIENT TO SUPPORT A CONVICTION FOR ILLEGAL USE OR POSSESSION OF DRUG PARAPHERNALIA.

{¶5} Edwards argues that the trial court erred by denying his motion for acquittal pursuant to Crim.R. 29, because the State presented insufficient evidence to sustain a conviction for illegal use or possession of drug paraphernalia. This Court disagrees.

{¶6} Crim.R. 29 provides, in relevant part:

> The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Galloway*, 9th Dist. No. 19752, 2001 WL 81257 (Jan. 31, 2001) quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶7} The test for sufficiency requires a determination of whether the State has met its burden of production at trial. *State v. Walker*, 9th Dist. No. 20559, 2001 WL 1581570 (Dec. 12, 2001); *see, also*, *State v. Thompkins*, 78 Ohio St.3d 380, 390 (1997) (Cook, J., concurring).

{¶8} Edwards was convicted of illegal use or possession of drug paraphernalia in violation of R.C. 2925.14(C)(1) which states: "No person shall knowingly use, or possess with purpose to use, drug paraphernalia." R.C. 2925.14(A) defines "drug paraphernalia" generally as "any equipment, product, or material of any kind that is used by the offender, intended by the offender for use, or designed for use, in propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packaging, repackaging, storing, containing, concealing, injecting, ingesting, inhaling, or otherwise introducing into the human body, a controlled substance in violation of this chapter." The code further delineates thirteen categories of items which constitute "drug paraphernalia," including "[a] scale or balance for weighing or measuring a controlled substance;" and "[a]n object, instrument, or device for ingesting, inhaling, or otherwise introducing into the human body, marihuana, cocaine, hashish, or hashish oil, such as a metal, wooden, acrylic, glass, stone, plastic, or ceramic pipe, with or without a screen, permanent screen, hashish head, or punctured metal bowl; water pipe; carburetion tube or device; smoking or carburetion mask; roach clip or similar object used to hold burning material, such as a marihuana cigarette, that has become too small or too short to be held in the hand; miniature cocaine spoon, or cocaine vial; chamber pipe;

carburetor pipe; electric pipe; air driver pipe; chillum; bong; or ice pipe or chiller." R.C. 2925.14(A)(6) and (13).

{¶9} R.C. 2901.22(B) states:

A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.

{¶10} "Possess" means "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C. 2925.01(K). A person acts with purpose "when it is his specific intention to cause a certain result * * *" R.C. 2901.22(A).

{¶11} At trial, the State presented the testimony of five law enforcement officers who testified that Edwards' home had been under surveillance for a period of time after the police received several complaints alleging illegal drug activity at the home. The officers testified that they each participated on March 22, 2010, in a search of Edwards' residence which he shared with his girlfriend and her two minor children.

{¶12} Detective Alan Jones of the Akron Police Department's ("APD") Street Narcotics Uniform Detail testified that digital scales and 230 grams of marijuana, including 120 grams of blunts, 70 grams of smoked blunts, and 40 grams of loose marijuana, were found at the residence. Sergeant Jason Malick of the APD Narcotics Unit testified that two bags of loose marijuana were found in a Crown Royal bag under a child's sled in the back yard within one foot of the residence. He testified that the bag was dry on a day when the ground was soggy, indicating it had very recently been hidden.

{¶13} Detective Michael Zimcosky of the APD testified that he found mail addressed to Edwards at the residence, thereby establishing Edwards' possessory interest in the property. He

testified that a bong, i.e., a marijuana smoking device, was found in Edwards' bedroom, while a marijuana pipe was found in the living room. He further identified two digital scales recovered at the scene. The detective testified that, in his experience, drug users and traffickers use digital scales to weigh controlled substances. Although Detective Zimcosky testified that he is a certified marijuana tester, he admitted that he did not test the scales, bong, or pipe for marijuana residue because there was no need to do so given that there was marijuana found at the residence. He further admitted that it is possible for people to buy bongs and smoking pipes merely for decorative purposes.

{¶14} Officer Chris Carney of APD SNUD testified that he entered Edwards' residence with a canine (Sampson) certified to detect narcotic odors. The officer testified that Sampson alerted during the search, indicating that he smelled narcotics inside and outside the residence. Officer Carney testified that a couple of containers of marijuana were found in the living room, where other items such as scales and a marijuana pipe were found.

{¶15} Reviewing the evidence in a light most favorable to the State, this Court concludes that any rational trier of fact could have found the essential elements of the charge of illegal use or possession of drug paraphernalia were proved beyond a reasonable doubt. *See Jenks*, 61 Ohio St.3d at paragraph two of the syllabus. The State presented evidence that there was marijuana at Edwards' residence. Moreover, Edwards does not challenge his conviction for possession of marijuana. The State presented evidence that digital scales were found in the living room, as opposed to the kitchen where they might reasonably have been used for cooking purposes. Detective Zimcosky testified that digital scales are routinely used by drug users to weigh controlled substances. Although the State presented evidence that marijuana blunts, a type of cigarette, were found, there was also evidence that a quantity of loose marijuana was

found. There was evidence that the police also found a bong and pipe which were designed to be used to smoke marijuana. Accordingly, the State presented sufficient evidence of the crime of illegal use or possession of drug paraphernalia. Edwards' third assignment of error is overruled.

## ASSIGNMENT OF ERROR IV

> MR. EDWARDS' CONVICTION FOR ILLEGAL USE OR POSSESSION OF DRUG PARAPHERNALIA WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶16} Edwards argues that his conviction for illegal use or possession of drug paraphernalia is against the weight of the evidence. This Court disagrees.

> In determining whether a criminal conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

> Weight of the evidence concerns the tendency of a greater amount of credible evidence to support one side of the issue more than the other. *Thompkins*, 78 Ohio St.3d at 387. Further when reversing a conviction on the basis that it was against the manifest weight of the evidence, an appellate court sits as a "thirteenth juror," and disagrees with the factfinder's resolution of the conflicting testimony. *Id*.

*State v. Tucker*, 9th Dist. No. 06CA0035-M, 2006-Ohio-6914, at ¶ 5.

{¶17} This discretionary power should be exercised only in exceptional cases where the evidence presented weighs heavily in favor of the defendant and against conviction. *Thompkins*, 78 Ohio St.3d at 387.

{¶18} Edwards presented the testimony of his live-in girlfriend and he testified in his own defense.

{¶19} Dorinda Sutton testified that she and Edwards were living together at their home which the police searched on March 22, 2010. She admitted that both she and Edwards smoke

marijuana and that they kept a bong and pipe in the home for the purpose of smoking marijuana. She expressly testified that the bong found by the police was not just for decoration. Ms. Sutton further testified that she and Edwards used one of the scales found by the police to weigh the marijuana they bought for personal consumption to make sure that they had received the full amount for which they paid. Ms. Sutton testified that, while she and Edwards used illegal drugs, they did not sell illegal drugs to others.

{¶20} Edwards testified in his own defense. He, too, admitted that he smokes marijuana, although he denied selling illegal drugs. Edwards admitted using the smaller scale found in his home to weigh his "weed" to make sure he received the full amount for which he paid. He further admitted that he used the bong and pipe found during the search to smoke marijuana.

{¶21} A review of the record indicates that this is not the exceptional case, where the evidence weighs heavily in favor of Edwards. A thorough review of the record compels this Court to find no indication that the trial court lost its way and committed a manifest miscarriage of justice in convicting Edwards of illegal use or possession of drug paraphernalia.

{¶22} The weight of the evidence supports the conclusion that Edwards used one of the scales found in his home for weighing or measuring a controlled substance, specifically marijuana, and that he used the bong and pipe found in his home for smoking marijuana. In fact, both Edwards and his live-in girlfriend admitted that they used the scale to weigh their marijuana and the bong and pipe to smoke it. By his girlfriend's testimony and his own admission, the weight of the evidence demonstrates that Edwards knowingly used and possessed with purpose to use a scale, bong, and pipe which all constituted drug paraphernalia. Accordingly, Edwards'

conviction for illegal use or possession of drug paraphernalia is not against the manifest weight of the evidence. Edwards' fourth assignment of error is overruled.

## ASSIGNMENT OF ERROR V

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST DEFENDANT WITHOUT COMPLYING WITH R.C. 2947.23(A).

## ASSIGNMENT OF ERROR VI

DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TRIAL COURT'S IMPOSITION OF COURT COSTS UNDER R.C. 2947.23(A) WAS DEFECTIVE.

{¶23} In his fifth assignment of error, Edwards argues that the trial court committed plain error when it failed to notify him pursuant to R.C. 2947.23(A) that he could be ordered to perform community service if he failed to pay the court costs and, if so ordered, he would receive credit upon the judgment at a specified hourly rate. In his sixth assignment of error, he argues that his trial counsel was ineffective for failing to argue that the trial court erred by assessing costs without complying with R.C. 2947.23(A).

{¶24} As a preliminary matter, we note that this issue is ripe for review notwithstanding the fact that the record does not demonstrate that Edwards has failed to pay the imposed costs or that the trial court has ordered him to perform community service based on such a failure. *State v. Smith*, Slip Opinion No. 2012-Ohio-781, syllabus (holding "A sentencing court's failure to inform an offender, as required by R.C. 2947.23(A)(1), that community service could be imposed if the offender fails to pay the costs of prosecution or court costs presents an issue ripe for review even though the record does not show that the offender has failed to pay such costs or that the trial court has ordered the offender to perform community service as a result of the failure to pay.") The *Smith* court did not decide whether the trial court erred when it failed to

provide Smith with the proper notifications but instead remanded the matter to the court of appeals for resolution of that issue. *Id.* at ¶11.

{¶25} R.C. 2947.23(A)(1) mandates that the trial court include in the sentence the costs of prosecution, that it render judgment against the criminal defendant for such costs, and that it notify him of both of the following:

> If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court may order the defendant to perform community service in an amount of not more than forty hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
>
> If the court orders the defendant to perform the community service, the defendant will receive credit upon the judgment at the specified hourly credit rate per hour of community service performed, and each hour of community service performed will reduce the judgment by that amount.

{¶26} At the sentencing hearing, the trial court ordered that Edwards pay the costs of the proceedings as part of his sentences for possession of marijuana and possession of criminal tools. It did not, however, notify him regarding any of the provisions in R.C. 2947.23(A)(1)(a) or (b). This Court recently addressed an identical situation in *State v. Debruce*, 9th Dist. No. 25574, 2012-Ohio-454, in which we held that, because the notification provisions of R.C. 2947.23(A)(1) are mandatory, the trial court committed error when it failed to so notify the defendant. *Id.* at ¶ 36-37. We further concluded that "the proper remedy is to reverse the trial court's imposition of court costs and remand for the proper imposition of court costs in accordance with the requirements set forth in R.C. 2947.23(A)(1)." *Id.* at ¶ 38. Accordingly, Edwards' fifth assignment of error is sustained. We reverse the imposition of court costs and remand this case to the trial court for further proceedings consistent with this opinion. In light of our resolution of the fifth assignment of error, we decline to address the sixth assignment of error as it has been rendered moot. *See* App.R. 12(A)(1)(c).

**ASSIGNMENT OF ERROR VII**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING ATTORNEY FEES AGAINST DEFENDANT WITHOUT COMPLYING WITH R.C. 2941.51(D), AND NOT DOING SO IN OPEN COURT.

**{¶27}** Edwards argues that the trial court erred when it assessed attorney fees against him without complying with R.C. 2941.51(D). This Court agrees.

**{¶28}** R.C. 2941.51(D) provides, in relevant part, that "[t]he fees and expenses approved by the court under this section shall not be taxed as part of the costs and shall be paid by the county. However, if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay."

**{¶29}** At the sentencing hearing, the trial court did not mention the issue of the payment of attorney fees. In the judgment entry of conviction and sentence, the trial court ordered the repayment of attorney fees and ordered that they be taxed as court costs.

**{¶30}** This Court has held that "'the court must make a determination that the defendant is financially capable of paying for his appointed counsel before assessing court-appointed attorney fees.'" *State v. Malone*, 9th Dist. No. 09CA009732, 2010-Ohio-5658, at ¶ 11, quoting *State v. Warner*, 9th Dist. No. 96CA006534, 2001 WL 1155698 (Sept. 21, 2001).

**{¶31}** The trial court failed to make an ability-to-pay finding either on the record at the sentencing hearing or in the judgment entry of conviction and sentence. The State argues that the trial court's order that monies confiscated from Edwards and held by the State as evidence be released to the defendant implicitly constituted a finding that Edwards had the ability to pay his attorney fees. The State cites no authority for this proposition, and this Court concludes that the trial court's order releasing Edwards' property does not constitute the requisite ability-to-pay

finding. Because the trial court failed to make the requisite finding or otherwise comply with R.C. 2941.51(D), we conclude that the trial court erred when it ordered Edwards to repay the court-appointed attorney fees. We, therefore, reverse the trial court's order that Edwards repay court-appointed counsel fees and remand for the purpose of the trial court's determination whether he has the ability to pay such fees in accordance with the requirements set forth in R.C. 2941.51(D). Edwards' seventh assignment of error is sustained.

## III.

{¶32} Edwards' first assignment of error is sustained and we decline to address his second assignment of error. The third and fourth assignments of error are overruled. The fifth and seventh assignments of error are sustained and we decline to address the sixth assignment of error. The judgment of the Summit County Court of Common Pleas is affirmed, in part, reversed, in part, and the cause remanded to the trial court for consideration of whether Edwards' convictions should merge for purposes of sentencing under *Johnson*; for proper imposition of court costs in accordance with the requirements set forth in R.C. 2947.23(A)(1); and for an ability-to-pay determination pursuant to R.C. 2941.51(D) prior to ordering the repayment of appointed counsel fees.

Judgment affirmed, in part,
reversed, in part,
and cause remanded.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

DONNA J. CARR
FOR THE COURT

BELFANCE, P. J.
MOORE, J.
CONCUR.

APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.