[Cite as *State v. Slevin*, 2012-Ohio-2043.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 25956 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MERRICK J. SLEVIN | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 10 12 3536 |

DECISION AND JOURNAL ENTRY

Dated: May 9, 2012

BELFANCE, Judge.

{¶1} Defendant-Appellant Merrick Slevin appeals from the judgments of the Summit County Court of Common Pleas. For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2} Mr. Slevin and the victim lived together for several months in 2010. One evening in December 2010, the victim found Mr. Slevin with a man engaged in a sexual act. The victim went "ballistic" and "flipp[ed] out[.]" Mr. Slevin then attacked the victim, choking and punching her and threatening her with a knife. Mr. Slevin was charged with three counts of domestic violence in relation to the events of that evening. Also as a result, a criminal temporary protection order was issued against Mr. Slevin. On January 6, 2011, police found Mr. Slevin with the victim and arrested him. In relation to that incident, Mr. Slevin was charged with violating a protection order and illegal use or possession of drug paraphernalia.

{¶3} The matter proceeded to a jury trial. The jury found Mr. Slevin guilty of two counts of domestic violence, violating a protection order and illegal use or possession of drug paraphernalia. Mr. Slevin was sentenced to a total of twelve months in prison. Mr. Slevin has appealed, raising six assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED SLEVIN FOR TWO COUNTS OF DOMESTIC VIOLENCE AS THEY WERE ALLIED OFFENSES OF SIMILAR IMPORT SUBJECT TO MERGER UNDER R.C. 2941.25.

ASSIGNMENT OF ERROR II

SLEVIN WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL WHEN HIS TRIAL COUNSEL FAILED TO ARGUE THAT THE TWO COUNTS OF DOMESTIC VIOLENCE WERE ALLIED OFFENSES OF SIMILAR IMPORT SUBJECT TO MERGER UNDER R.C. 2941.25.

{¶4} Mr. Slevin asserts in his first assignment of error that the trial court committed plain error in failing to merge his convictions for purposes of sentencing. Mr. Slevin argues in his second assignment of error that his trial counsel was ineffective for failing to argue the offenses were allied and merged for purposes of sentencing.

{¶5} The resolution of this issue is controlled by *State v. Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314, in which the Supreme Court of Ohio outlined a new test for determining whether offenses are allied and subject to merger. *See id.* at syllabus. *Johnson* was released prior to Mr. Slevin's sentencing; however, the issue of allied offenses was not raised at sentencing. Thus, assuming the offenses are allied, the State did not have the opportunity to elect the offense for which it wanted the trial court to sentence Mr. Slevin. *See State v. Edwards*, 9th Dist. No. 25679, 2012-Ohio-901, ¶ 4. While Mr. Slevin has argued plain error on appeal, he

and the State are in agreement that this matter should be remanded to the trial court for it to consider the matter in the first instance. Since *Johnson*, this Court has consistently concluded that the trial court should consider and apply *Johnson* in the first instance. *See id.* We see no reason to stray from that precedent when the trial court could have applied *Johnson* but clearly did not. Thus, we sustain Mr. Slevin's first assignment of error.

{¶6} In light of our resolution of Mr. Slevin's first assignment of error, we decline to address the merits of his second assignment of error. *See* App.R. 12(A)(1)(c); *see also Edwards* at ¶ 4.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING COURT COSTS AGAINST SLEVIN WITHOUT COMPLYING WITH R.C. 2947.23(A).

{¶7} Mr. Slevin asserts in his third assignment of error that the trial court erred in imposing court costs in its sentencing entry when it failed to notify him it was doing so at the sentencing hearing. We agree.

{¶8} Even though "R.C. 2947.23 mandates that the trial court assess the cost of prosecution against a convicted criminal defendant[,] * * * a trial court must orally inform a defendant of his obligation to pay costs at the time of sentencing so as to give the defendant an opportunity to claim indigency and seek a waiver of payment." (Internal quotations and citations omitted.) *State v. Stallworth*, 9th Dist. No. 25461, 2011-Ohio-4492, ¶ 32; *see also State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, ¶ 22. The failure of the trial court to inform the defendant of the obligation to pay court costs at the time of sentencing constitutes reversible error. *See Stallworth* at ¶ 32; *Joseph* at ¶ 22.

{¶9} In the instant matter, the trial court did not inform Mr. Slevin of his obligation to pay court costs at the time of his sentencing; nonetheless, the trial court ordered him to pay costs in its sentencing entry. Accordingly, the trial court erred. *See Stallworth* at ¶ 32; *Joseph* at ¶ 22. "The appropriate remedy for such an error is a 'remand * * * to the trial court for the limited purpose of allowing [the defendant] to move the court for a waiver of the payment of court costs.'" *Stallworth* at ¶ 32, quoting *Joseph* at ¶ 23. Thus, Mr. Slevin's third assignment of error is sustained.

## ASSIGNMENT OF ERROR IV

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN ASSESSING ATTORNEY FEES AGAINST SLEVIN WITHOUT COMPLYING WITH R.C. 2941.51(D).

{¶10} Mr. Slevin asserts in his fourth assignment of error that the trial court erred in assessing attorney fees against him without complying with R.C. 2941.51(D). We agree.

{¶11} Generally, the attorney fees "approved by the court * * * shall not be taxed as part of the costs and shall be paid by the county." R.C. 2941.51(D). However, "if the person represented has, or reasonably may be expected to have, the means to meet some part of the cost of the services rendered to the person, the person shall pay the county an amount that the person reasonably can be expected to pay." *Id.* We have stated that "[a] court must make a determination that the defendant is financially capable of paying for his appointed counsel before assessing court-appointed attorney fees." (Internal quotations and citations omitted.) *State v. Marrero*, 9th Dist. No. 10CA009867, 2011-Ohio-3745, ¶ 20.

{¶12} The trial court made no determination on the record that Mr. Slevin was capable of paying for the court-appointed attorney fees. Thus, Mr. Slevin's fourth assignment of error is

sustained, and we remand this matter for a determination of whether Mr. Slevin is capable of paying such fees. *See id.*

ASSIGNMENT OF ERROR VI

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT OVERRULED SLEVIN'S CRIM.[R.] 29(A) MOTION FOR JUDGMENT OF ACQUITTAL BECAUSE THE STATE PRESENTED INSUFFICIENT EVIDENCE TO SUSTAIN THE CONVICTIONS.

{¶13} Mr. Slevin has argued his fifth and sixth assignments of error together, asserting that his convictions for domestic violence are based on insufficient evidence and are against the manifest weight of the evidence. Nonetheless, because a review of the sufficiency and manifest weight of the evidence are separate and distinct legal determinations, we discuss them separately. *State v. Underwood,* 9th Dist. No. 10CA0048-M, 2011-Ohio-5703, ¶ 14.

{¶14} In his sixth assignment of error, Mr. Slevin asserts that the trial court erred in denying his Crim.R. 29(A) motion as the State presented insufficient evidence to sustain his convictions for domestic violence. Mr. Slevin does not challenge the sufficiency of his remaining convictions.

{¶15} We review a denial of a defendant's Crim.R. 29 motion for acquittal by assessing the sufficiency of the State's evidence. *State v. Frashuer*, 9th Dist. No. 24769, 2010–Ohio–634, ¶ 33. "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. No. 24731, 2009–Ohio–6955, ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.

{¶16} Mr. Slevin was found guilty of two charges of violating R.C. 2919.25(A), which states that "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Family or household member includes a person living as a spouse. R.C. 2919.25(F)(1)(a)(i). A person living as a spouse "means a person who is living or has lived with the offender in a common law marital relationship, who otherwise is cohabiting with the offender, or who otherwise has cohabited with the offender within five years prior to the date of the alleged commission of the act in question." R.C. 2919.25(F)(2). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). "'Physical harm to persons' means any injury, illness, or other physiological impairment, regardless of its gravity or duration." R.C. 2901.01(A)(3). The first count asserted that Mr. Slevin had a prior conviction, making the charge a fourth-degree felony. *See* R.C. 2919.25(D)(3). The second count asserted that Mr. Slevin knew that the victim was pregnant at the time of the offense, making the charge a fifth-degree felony. *See* R.C. 2919.25(D)(5).

{¶17} Mr. Slevin does not appear to assert that the State failed to prove any particular element of the two domestic charges. Instead, Mr. Slevin asserts that the victim's testimony was not credible. However, when reviewing the denial of a Crim.R. 29 motion, this Court evaluates the evidence in a light most favorable to the prosecution and does not consider credibility. *See Jenks* at paragraph two of the syllabus; *see also State v. Frazier,* 9th Dist. No. 25654, 2012-Ohio-790, ¶ 50.

{¶18} This Court concludes that Mr. Slevin's Crim.R. 29 motion was properly denied. The victim testified that, at the time of the incident on December 15, 2010, she had been living with Mr. Slevin since June or July 2010. She testified that Mr. Slevin's mother paid for all their expenses and the victim undertook various household duties including cleaning and cooking. In addition, the victim acknowledged that she and Mr. Slevin engaged in sexual relations and that she had told Mr. Slevin that she was pregnant with his child. *See State v. Williams*, 79 Ohio St.3d 459, 464-465 (1997) (discussing elements of cohabitation). The victim testified that, on December 15, 2010, the victim found Mr. Slevin engaged in a sexual act with a man. The victim became very upset and "flip[ped] out[.]" She stated that Mr. Slevin proceeded to "jump[]" on her. He then "choked [her], he pulled a knife on [her], he choked [her] with a knife, [and] punched [her]." She testified that she "kn[e]w [her] eyes were black, [her] face was swollen." The journal entry of Mr. Slevin's prior conviction was admitted into evidence.

{¶19} Viewing the evidence in a light most favorable to the prosecution, we conclude that the State presented sufficient evidence, if believed, to prove beyond a reasonable doubt that Mr. Slevin knowingly caused or attempted to cause physical harm to the victim, who was a family or household member, that Mr. Slevin had a prior conviction, and Mr. Slevin knew the victim was pregnant. Accordingly, we overrule Mr. Slevin's sixth assignment of error.

ASSIGNMENT OF ERROR V

SLEVIN'S CONVICTIONS FOR DOMESTIC VIOLENCE ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶20} Mr. Slevin asserts in his fifth assignment of error that his convictions for domestic violence are against the manifest weight of the evidence. We do not agree.

{¶21} In reviewing a challenge to the weight of the evidence, the appellate court:

> [m]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986).

{¶22} Mr. Slevin's primary contention that his convictions for domestic violence are against the manifest weight of the evidence appears to be that the victim was not a credible witness. We note that, while the victim admitted to prior convictions implicating her propensity for telling the truth and admitted to using crack, including likely on the day of the incident, the victim's testimony was not directly contradicted. The victim testified to the events as discussed above. Following the incident, the victim asserted that she saw Mr. Slevin throw the knife outside, but she did not see where it went. When police arrived, the victim was outside, and Mr. Slevin was nowhere to be found. Officers noted that the victim appeared upset and kept saying over and over again that she could not believe Mr. Slevin did this. Police observed injuries and scratches to the victim's forearm and neck and that she had a swollen eye. The police testified that the victim's description of the items in the room and how the residence looked generally corresponded to the scene police found when they entered the residence. Further, what the victim told police matches what the victim testified to at trial. There was no testimony that the victim was the aggressor or that Mr. Slevin was acting in self-defense.

{¶23} Mr. Slevin asserts that the victim's testimony is not to be believed because her testimony concerning the 911 call is not supported by the evidence. The victim testified that she went across the street to have the neighbor call 911; however, the 911 call that was actually made was placed by a neighbor a couple doors down, not by a neighbor across the street, and was placed at Mr. Slevin's request. Police were unable to speak with the neighbor who placed the

911 call as he did not answer the door.  Nonetheless, the evidence presented does not negate the possibility that the victim's story concerning the 911 call is also true and that the neighbor she contacted just did not place a 911 call.  Further, even if the jury did not believe that portion of her testimony about the 911 call, that does not mean that the jury was required to disbelieve all of her testimony, particularly when the remainder of her testimony was consistent with what she told police.

{¶24}  After a thorough and independent review of the record, we cannot say that the jury lost its way in finding Mr. Slevin guilty of two counts of domestic violence.  The victim's version of events was not directly contradicted and, in fact, police were able to corroborate various parts of her story.  The victim had visible injuries, the premises looked as she described them, and the police found a knife in the yard, an area where the victim suggested that police should look.  There was no evidence to support that anyone other than Mr. Slevin was the aggressor, nor was there any evidence that anyone other than Mr. Slevin caused the victim's injuries.   We are not persuaded that the jury's verdict or its credibility determinations are unreasonable in light of the evidence presented.  Thus, we overrule Mr. Slevin's fifth assignment of error.

## III.

{¶25}  In light of the foregoing, we sustain Mr. Slevin's first, third, and fourth assignments of error, overrule his fifth and sixth assignments of error, and do not reach the merits of his second assignment of error.  The judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and this matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,

and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
EVE V. BELFANCE
FOR THE COURT


WHITMORE, P. J.
DICKINSON, J.
CONCUR


APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.