[Cite as *State v. Linde*, 2012-Ohio-2885.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| STATE OF OHIO | | C.A. No. 26209 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT LINDE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 11 06 1461 (A) |

DECISION AND JOURNAL ENTRY

Dated: June 27, 2012

BELFANCE, Judge.

{¶1} Robert Linde appeals his sentences for aggravated robbery and aggravated burglary. For the reasons set forth below, we reverse.

I.

{¶2} In June 2011, Mr. Linde was indicted for aggravated robbery, aggravated burglary, and possessing criminal tools. Mr. Linde pleaded guilty to the counts of aggravated robbery and aggravated burglary, and the possessing criminal tools count was dismissed. The trial court sentenced Mr. Linde to an aggregate prison term of 15 years. Mr. Linde has appealed, raising three assignments of error for review. Because Mr. Linde's second assignment of error is dispositive for the purposes of this appeal, we address it first.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED AS A MATTER OF LAW, AND COMMITTED PLAIN ERROR, WHEN IT DID NOT HOLD A HEARING TO DETERMINE

THE APPLICABILITY OF THE ALLIED OFFENSE STATUTE REQUIRING REVERSAL OF THE JUDGMENT OF CONVICTION AND REMAND FOR FURTHER PROCEEDINGS[.]

{¶3}    Mr. Linde argues that the trial court was required to hold a hearing to determine whether his convictions were for allied offenses of similar import.  We agree.

{¶4}    In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, the Supreme Court of Ohio outlined a new test for determining whether offenses are allied and subject to merger.  *See id.* at syllabus.  Though *Johnson* was released prior to Mr. Linde's sentencing, the issue of allied offenses was not raised at sentencing, and, therefore, the trial court did not consider and apply R.C. 2941.25.  Additionally, assuming the offenses are allied, the State did not have the opportunity to elect the offense for which it wanted the trial court to sentence Mr. Linde.  *See State v. Edwards*, 9th Dist. No. 25679, 2012-Ohio-901, ¶ 4.  This Court has consistently concluded that the trial court should consider and apply *Johnson* in the first instance.  *See id*.  Accordingly, we remand the matter to the trial court so that it can consider and apply *Johnson*.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN IMPOSING CONSECUTIVE SENTENCES SINCE HB 86 ENACTED R.C. 2929.41 WHICH PERMITS CONSECUTIVE SENTENCES ONLY IN LIMITED SITUATIONS.

ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT WITHOUT CONSIDERING THE CONSISTENCY AND PROPORTIONALITY OF HIS SENTENCE TO SIMILARLY SITUATED FIRST TIME OFFENDERS WHO ARE CONTRITE, REMORSEFUL, AND HAVE UTILIZED COUNTY JAIL TIME FOR GOOD TO WIT: ENGAGING IN COGNITIVE THINKING TRAINING AND ANGER MANAGEMENT COUNSELING.

{¶5}    Should the trial court determine that Mr. Linde's offenses merge for the purposes of sentencing, his first assignment of error would become moot, and his third assignment of error would be substantially altered.  Thus, any decision rendered on these assignments of error would

be advisory, and, therefore, we do not address them at this time. *See, e.g., State ex rel. Louthan v. Akron*, 9th Dist. No. 23351, 2007-Ohio-241, ¶ 8 ("This court is loath to issue advisory opinions which do not serve to materially advance correct disposition of the matter on appeal.") (Internal quotations and citations omitted.).

### III.

**{¶6}** In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas and remand the matter for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

RUSSELL A. BUZZELLI, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.