[Cite as *State v. Furman*, 2012-Ohio-6211.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 26394 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| SAMANTHA L. FURMAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 09 2587 (D) |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2012

BELFANCE, Judge.

{¶1} Defendant-Appellant Samantha Furman appeals from her sentences in the Summit County Court of Common Pleas. For the reasons set forth below, we reverse and remand the matter for proceedings consistent with this opinion.

I.

{¶2} In November 2011, Ms. Furman was indicted on one count of aggravated burglary, one count of aggravated robbery, one count of felonious assault, one count of grand theft, and one count of theft from the elderly. Ultimately, Ms. Furman pleaded guilty to one count of aggravated robbery and one count of aggravated burglary. The remaining charges were dismissed. Ms. Furman was sentenced to nine years in prison on each count, to run consecutively to each other. Ms. Furman has appealed, raising two assignments of error for our review. As Ms. Furman's second assignment of error is dispositive of this appeal, we begin with addressing it.

II.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT DID NOT SENTENCE THE DEFENDANT-APPELLANT TO CONCURRENT TERMS FOR AGGRAVATED BURGLARY AND AGGRAVATED ROBBERY WHICH WERE ALLIED OFFENSES OF SIMILAR IMPORT[.]

{¶3} Ms. Furman asserts in her second assignment of error that the trial court committed plain error when it sentenced her to consecutive sentences for aggravated burglary and aggravated robbery as the offenses are allied. Because the trial court did not consider the issue in the first instance, we remand the matter to the trial court so that it may do so.

{¶4} "In *State v. Johnson*, 128 Ohio St.3d 153, 2010–Ohio–6314, the Supreme Court of Ohio outlined a new test for determining whether offenses are allied and subject to merger." *State v. Linde,* 9th Dist. No. 26209, 2012-Ohio-2885, ¶ 4. While *Johnson* was released prior to Ms. Furman's sentencing, the issue of allied offenses was not raised at sentencing. Thus, the trial court did not consider and apply R.C. 2941.25. "Additionally, assuming the offenses are allied, the State did not have the opportunity to elect the offense for which it wanted the trial court to sentence [Ms. Furman]." *Id*. "This Court has consistently concluded that the trial court should consider and apply *Johnson* in the first instance." *Id*. Thus, we remand the matter to the trial court so that it can consider and apply *Johnson*.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED PLAIN ERROR IN SENTENCING THE DEFENDANT-APPELLANT TO PRISON TERMS THAT WERE MORE THAN THE MINIMUM SENTENCE PRESCRIBED BY LAW[.]

{¶5} As the trial court is required to consider a sentencing issue that could impact the length of Ms. Furman's sentence, we decline to address Ms. Furman's first assignment of error at this time.

III.

**{¶6}** In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas and remand the matter so that it can consider and apply *Johnson.*

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

EVE V. BELFANCE
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

APPEARANCES:

KERRY O'BRIEN, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.