[Cite as *State v. Santamaria*, 2012-Ohio-2375.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No.    26206 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANGELO J. SANTAMARIA, JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 11 06 1461 (B) |

DECISION AND JOURNAL ENTRY

Dated: May 30, 2012

BELFANCE, Judge.

{¶1}    Defendant-Appellant Angelo Santamaria, Jr. appeals from the judgment of the Summit County Court of Common Pleas.  For the reasons set forth below, we reverse.

I.

{¶2}    In June 2011, Mr. Santamaria was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1)/(3), a felony of the first degree, one count of aggravated burglary in violation of R.C. 2911.11(A)(1)/(3), a felony of the first degree, and one count of possessing criminal tools in violation of R.C. 2923.24, a felony of the fifth degree.  Mr. Santamaria pleaded guilty to the aggravated robbery and aggravated burglary counts.  The possession of criminal tools charge was dismissed.  Mr. Santamaria was sentenced to eight years for aggravated robbery and seven years for aggravated burglary, to be served consecutively, for a total of fifteen years.  Mr. Santamaria has appealed, raising a single assignment of error for our review.

## II.

THE TRIAL COURT ERRED WHEN IT FAILED TO MERGE THE AGGRAVATED BURGLARY COUNT WITH THE AGGRAVATED ROBBERY COUNT AND IMPOSED CONSECUTIVE SENTENCES UPON MR. SANTAMARIA.

{¶3}  Mr. Santamaria asserts that the trial court committed plain error when it failed at sentencing to merge his convictions for aggravated robbery and aggravated burglary, asserting that they are allied offenses of similar import.

{¶4}  The resolution of this issue is controlled by *State v. Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314, in which the Supreme Court of Ohio outlined a new test for determining whether offenses are allied and subject to merger.  *See id.* at syllabus.  *Johnson* was released prior to Mr. Santamaria's sentencing; however, the issue of allied offenses was not raised at sentencing, and, thus, the trial court did not consider and apply R.C. 2941.25.  In addition, assuming the offenses are allied, the State did not have the opportunity to elect the offense for which it wanted the trial court to sentence Mr. Santamaria.  *See State v. Edwards*, 9th Dist. No. 25679, 2012-Ohio-901, ¶ 4.  Since *Johnson*, this Court has consistently concluded that the trial court should consider and apply *Johnson* in the first instance.  *See id.*  Thus, we do not reach the merits of Mr. Santamaria's argument and remand the matter to the trial court so that it can consider and apply *Johnson*.

## III.

{¶5}  In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas and remand the matter for proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

GEORGE G. KEITH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.