[Cite as *State v. Linde*, 2013-Ohio-3503.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No. 26714 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT LINDE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 06 1461 (A) |

DECISION AND JOURNAL ENTRY

Dated: August 14, 2013

WHITMORE, Judge.

{¶1} Defendant-Appellant, Robert Linde, appeals from his convictions in the Summit County Court of Common Pleas. This Court affirms.

I

{¶2} A grand jury indicted Linde on counts of aggravated robbery, aggravated burglary, and possession of criminal tools after he and another man, Angelo Santamaria, broke into the home of George Nemeth and later assaulted him. Linde pleaded guilty to aggravated robbery and aggravated burglary. In exchange for his guilty plea, the State dismissed the charge for possession of criminal tools. The court then sentenced Linde on both his aggravated robbery and aggravated burglary counts for a combined total of 15 years in prison. Linde appealed from his convictions.

{¶3} On appeal, this Court reversed Linde's convictions because the trial court had not applied *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, in the first instance to determine

whether Linde's convictions were allied offenses of similar import. *State v. Linde*, 9th Dist. Summit No. 26209, 2012-Ohio-2885, ¶ 4. The court conducted a hearing upon remand and determined that Linde's convictions should not merge under *Johnson*. The court then ordered a pre-sentence investigation report ("PSI") and set the matter for a sentencing hearing. Subsequently, the court ordered Linde's sentences to run consecutively and sentenced him to a total of 15 years in prison.

{¶4} Linde now appeals and raises two assignments of error for our review.

II

{¶5} Linde argues on appeal that the trial court erred when it imposed sentences on allied offenses and when it imposed consecutive sentences. These issues are fact-intensive and cannot be resolved without a complete understanding of all material and relevant facts. Unfortunately, Linde's brief is devoid of any facts about the offenses.

{¶6} It is appellate counsel's duty to preface legal arguments with a candid presentation of all relevant facts, both good and bad. The clear command of Local Rule 7(B)(6) is that the statement of the facts must be relevant to the assignments of error and "should always be completely accurate, contain reference to all material facts, both favorable and unfavorable, and * * * be supported by references to the record * * *." To avoid any confusion about the importance of the facts to this Court, an appendix to the Local Rules further explains what the Court expects to see in the statement of the facts. This brief fails to meet these expectations.

{¶7} Further, Linde's brief lacks reference to specific pages or paragraphs. Local Rule 7(G) requires citations to include case citations with the particular page or paragraph numbers relevant to the point of law for which the case is cited. Linde's brief includes citations to several cases, including quotes and block quotes, but there is not a single pinpoint cite in the entire brief.

{¶8} Local Rule 7(B)(7) requires a brief to include an argument and law. This section of the brief should include the appellant's argument and supporting reasons with citations to authorities. Linde's brief includes citations to authorities, but lacks a cogent argument. For example, the "argument" for the first assignment of error includes only two paragraphs and ignores the standard of review. The argument section contains conclusory statements that are not supported by any facts about the offenses or analysis that would support them.

{¶9} After having read the brief, we know only that Linde was convicted of aggravated robbery and aggravated burglary. We do not know anything else about the circumstances of the two offenses and, therefore, it is impossible to evaluate whether the trial court erred by reading the brief. Although the brief concludes that Linde's intent "was to commit a robbery, with the burglary being merely incidental to the robbery[,]" the brief presents no facts to support this conclusion. The reader is at a complete loss to understand anything about the facts or circumstances of the offenses. This is particularly problematic when the facts are precisely what this Court must consider when reviewing the trial court's decision.

{¶10} Notwithstanding the problems with the brief highlighted above, we have reviewed the record and considered the claims raised by Linde.

## Assignment of Error Number One

THE TRIAL COURT ERRED IN DETERMINING THAT THE OFFENSES OF AGGRAVATED ROBBERY AND AGGRAVATED BURGLARY WERE NOT ALLIED OFFENSES OF SIMILAR IMPORT.

{¶11} In his first assignment of error, Linde argues that the trial court erred by sentencing him on both his aggravated robbery and aggravated burglary counts as the two counts are allied offenses of similar import. We disagree.

{¶12} Ohio's allied offense statute provides as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. Thus, two or more offenses arising from the same conduct and similar import only may result in one conviction. R.C. 2941.25(A). Two or more offenses may result in multiple convictions, however, if: (1) they are offenses of dissimilar import; (2) they are separately committed; or (3) the defendant possesses a separate animus as to each. R.C. 2941.25(B).

{¶13} "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, at syllabus. A plurality of the Ohio Supreme Court set forth a two-part test to analyze whether two offenses are allied offenses of similar import. First, one must determine whether the offenses at issue could be committed by the same conduct. *Id.* at ¶ 47. One does so by asking "whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other." (Emphasis sic.) *Id.* at ¶ 48. *See also id.* at ¶ 66 (O'Connor, J., concurring.) (offenses are allied "when their elements align to such a degree that commission of one offense would probably result in the commission of the other offense"). Second, one must ask whether the offenses actually were committed by the same conduct, "i.e., 'a single act, committed with a single state of mind.'" *Johnson* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-

4569, ¶ 50 (Lanzinger, J., concurring in judgment only). If the answer to both inquiries is yes, the offenses will merge. *Johnson* at ¶ 50.

{¶14} Linde argues that his convictions should have merged because his "aggravated robbery charge was merely incidental to the separate underlying charge of aggravated burglary." Initially, we note that the record only contains limited facts because Linde was convicted as a result of pleading guilty. The following facts are facts that emerged at Linde's sentencing hearing.

{¶15} Both Linde and Santamaria struggled with drug dependencies and believed that the victim, Nemeth, had a large amount of cash in his home. The two "cas[ed]" the house and eventually approached it armed with masks, hoods, gloves, a police scanner, a knife, and zip ties. Nemeth saw the men coming and called 911. He then hid until the police arrived, per the 911 dispatcher's instructions. Meanwhile, Linde and Santamaria knocked on Nemeth's door and, after no one answered, broke it down. They were inside the home from the point in time that they broke down the door until the police arrived.[1] When Nemeth saw a cruiser appear at the front of the house, he emerged from his hiding place. Linde and Santamaria then attacked Nemeth, wrestled him to the ground, and threatened to cut him with their knife unless he kept quiet. The police stopped the attack as it was occurring. As a result of the attack, Nemeth suffered a split lip, bloody nose, and a hematoma.

{¶16} "No person, in attempting or committing a theft offense, * * * shall * * * [h]ave a deadly weapon on or about the offender's person or under the offender's control and either

---

[1] There is no indication in the record how much time elapsed between the period when Linde and Santamaria entered the home and when the police arrived.

display the weapon, brandish it, indicate that the offender possesses it, or use it." R.C. 2911.01(A)(1). Moreover, "[n]o person, in attempting or committing a theft offense, * * * shall * * * [i]nflict, or attempt to inflict, serious physical harm on another." R.C. 2911.01(A)(3). A violation of either R.C. 2911.01(A)(1) or (A)(3) constitutes aggravated robbery. R.C. 2911.01(C). Meanwhile, a violation of R.C. 2911.11 constitutes aggravated burglary. R.C. 2911.11(B). The aggravated burglary statute provides, in relevant part:

> No person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if * * * (1) [t]he offender inflicts, or attempts or threatens to inflict physical harm on another[, or] (2) [t]he offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control.

R.C. 2911.11(A)(1)-(2). Linde's indictment charged him with the foregoing two alternative subdivisions of aggravated robbery and the foregoing two alternative subdivisions of aggravated burglary. He was then convicted, consistent with his indictment, of the alternative subdivisions of both offenses.[2]

{¶17} The trial court applied *Johnson* and determined that Linde's aggravated robbery and aggravated burglary counts were not allied offenses of similar import. The court held that the offenses were committed separately, such that the aggravated burglary was complete when Linde entered Nemeth's home and the aggravated robbery did not occur until after Nemeth emerged and Linde and Santamaria attacked him with the knife. In the alternative, the court found that Linde possessed a separate animus for the two offenses, as he only broke into

---

[2] We note that both Linde's indictment and sentencing entry contain typographical errors as they both refer to R.C. 2911.11(A)(3) as a subdivision of aggravated burglary. R.C. 2911.11 only contains subdivisions (A)(1) and (A)(2). Accordingly, Linde should have been indicted and convicted of a violation of R.C. 2911.11(A)(1)/(2), not R.C. 2911.11(A)(1)/(3). Because the record supports the conclusion that the error was clerical in nature, however, we merely note it at this time for purposes of clarification.

Nemeth's house for the purpose of stealing money in it and did not decide to attack Nemeth until Linde later discovered that Nemeth was, in fact, at home.

{¶18} Since *Johnson*, numerous appellate courts have determined that aggravated robbery and aggravated burglary are not allied offenses of similar import because an aggravated burglary is complete upon an offender's forced entrance and an aggravated robbery requires additional conduct. *See State v. Howard*, 5th Dist. Stark No. 2012-CA-00061, 2013-Ohio-1972, ¶ 58-61; *State v. Broomfield*, 10th Dist. Franklin No. 12AP-469, 2013-Ohio-1676, ¶ 23; *State v. Adams*, 1st Dist. Hamilton No. C-120059, 2013-Ohio-926, ¶ 25-28; *State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 137; *State v. Rowe*, 3d Dist. Seneca No. 13-10-14, 2011-Ohio-5739, ¶ 52-53; *State v. Hakim*, 6th Dist. Lucas No. L-10-1153, 2011-Ohio-5525, ¶ 43. The exception to the general rule has been in cases where the offender was convicted strictly under the physical harm subsections of both the aggravated burglary and aggravated robbery statutes, as neither crime could be completed until the physical harm element was satisfied. *See State v. Shears*, 1st Dist. Hamilton No. C-120212, 2013-Ohio-1196, ¶ 41-42; *State v. Jarvi*, 11th Dist. Ashtabula No. 2011-A-0063, 2012-Ohio-5590, ¶ 17-25. Here, Linde was not convicted strictly under the physical harm subsections of aggravated burglary and aggravated robbery. Rather, he was convicted under alternative subdivisions of both offenses. *Compare Shears* at ¶ 41-42; *Jarvi* at ¶ 17-25.

{¶19} The record supports the conclusion that Linde's aggravated burglary offense was complete when he broke into Nemeth's house with a knife for the purpose of taking money from the house. *See* R.C. 2911.11(A)(2). It further supports the conclusion that he then later committed aggravated robbery when Nemeth emerged from his hiding place and Linde attacked him, thereby causing him serious physical harm. *See* R.C. 2911.01(A)(3). Based on our review

of the record, the two offenses were separately committed. *See Howard* at ¶ 58-61; *Broomfield* at ¶ 23; *Adams* at ¶ 25-28; *Jackson* at ¶ 137; *Rowe* at ¶ 52-53; *Hakim* at ¶ 43. They also were committed with a separate animus, as Linde broke into Nemeth's seemingly empty home strictly for the purpose of stealing money and only later attacked him after discovering that Nemeth was, in fact, at home. *See State v. Van Horn*, 8th Dist. Cuyahoga No. 98751, 2013-Ohio-1986, ¶ 19-21. Therefore, the trial court did not err by sentencing Linde on both his aggravated robbery and aggravated burglary counts. Linde's first assignment of error is overruled.

Assignment of Error Number Two

THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT BY IMPOSING MORE THAN THE MINIMUM SENTENCE AND BY IMPOSING AN IMPROPER SENTENCE.

{¶20} In his second assignment of error, Linde argues that the trial court erred by sentencing him to more than the minimum prison term on each of his two offenses and by ordering his sentences to run consecutively. We consider each argument separately.

**Sentences in Excess of the Statutory Minimum**

{¶21} Linde argues that his sentence is contrary to law because the trial court failed to consider the principals and purposes of sentencing before imposing more than the minimum prison term on each of his counts. R.C. 2929.11 governs the overriding purposes of felony sentencing and defines those purposes as the need "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on [S]tate * * * resources." R.C. 2929.11(A). It instructs a sentencing court, in selecting a sentence, to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public,

or both." *Id.* "R.C. 2929.12(A) sets forth the general guidance factors associated with felony sentencing, including the seriousness of the conduct, the likelihood of recidivism, and 'any other factors that are relevant to achieving those purposes and principles of sentencing.'" *State v. Jones*, 9th Dist. Summit No. 24469, 2010-Ohio-879, ¶ 39, quoting R.C. 2929.12(A). Although a sentencing judge must consider the principals and purposes of sentencing in imposing a sentence, he or she is not required to make findings or give their reasons before imposing a maximum sentence. *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, paragraph three of the syllabus. "[W]here the trial court does not put on the record its consideration of [R.C.] 2929.11 and 2929.12, it is presumed that the trial court gave proper consideration to those statutes." (Alterations omitted.) *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 18, fn. 4.

{¶22} The trial court here specifically indicated in its sentencing entry that it considered the factors set forth in R.C. 2929.11 and 2929.12 in imposing Linde's sentence. Moreover, Linde's prison terms were within the statutory range, as the trial court only sentenced him to eight years on each count out of a possible eleven years on each count. *See* R.C. 2929.14(A)(1). The record does not support Linde's argument that the court erred as a matter of law in sentencing him to more than the minimum sentence on each of his counts. *See State v. Jackson*, 9th Dist. Summit No. 26234, 2012-Ohio-3785, ¶ 25-26.

{¶23} The record reflects that the court had several opportunities to consider and discuss Linde's sentence in this matter. The court conducted two sentencing hearings, one before this Court's remand and one after, as well as a hearing on the allied offense issue. The court heard from the parties at both sentencing hearings and discussed its sentencing rationale. The court acknowledged Linde's addiction to drugs, but also stated that Linde "made a terrible, terrible

decision" by choosing to commit a crime that violated "the sanctity of [the] home." The court also noted that "things could have gotten a lot, lot worse" had the police not intervened. Additionally, the court ordered and reviewed PSIs prior to both sentencing hearings. It is clear that the trial court relied upon the PSIs in reaching its sentencing decision. The PSIs, however, are not a part of the record on appeal. When a trial court has clearly relied upon a PSI in imposing a sentence, a defendant challenging his sentence bears the burden of ensuring that the PSI is included in the appellate record. *State v. Vitt*, 9th Dist. Medina No. 11CA0071-M, 2012-Ohio-4438, ¶ 12-15. In the absence of a complete record, this Court has no choice but to presume regularity. *Id.*

{¶24} Linde has not shown that the trial court erred in sentencing him to more than the minimum prison term on each of his two offenses. A trial court is not required to make findings before imposing more than a minimum sentence. *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, paragraph seven of the syllabus. Nevertheless, the court here did set forth at least some of its rationale for imposing Linde's sentence. The court also clearly relied upon PSIs in fashioning the exact length of Linde's sentence. Yet, Linde failed to ensure that the PSIs were included in the appellate record. Given the record before us, we cannot conclude that the trial court failed to consider the appropriate sentencing factors before sentencing Linde or that its decision to sentence Linde to more than the maximum prison term on each offense constituted error. Linde's argument to the contrary lacks merit.

**Consecutive Sentences**

{¶25} R.C. 2929.14 provides, in relevant part, that:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive

sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Thus, before a trial court may impose consecutive sentences, it must make three findings: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that one of the three particular findings set forth in R.C. 2929.14(C)(4)(a)-(c) applies. The court need not explicitly set forth its findings in its sentencing entry. *State v. Just*, 9th Dist. Wayne No. 12CA0002, 2012-Ohio-4094, ¶ 49. Even so, it must be clear from the record that the court did, in fact, make the required findings. *State v. Brooks*, 9th Dist. Summit Nos. 26437 & 26352, 2013-Ohio-2169, ¶ 12-13.

{¶26} Linde's brief contains a barebones argument that the court failed to make the required statutory findings before imposing consecutive sentences upon him. The court, however, specifically included in its sentencing entry that it was imposing consecutive sentences because (1) they were necessary to protect the public or punish Linde; (2) they were not disproportionate to the seriousness of Linde's conduct and to the danger he posed to the public; and (3) the harm caused by the two offenses was so great or unusual that no single prison term

would adequately reflect the seriousness of Linde's conduct. Thus, the court's sentencing entry set forth all three of R.C. 2929.14(C)(4)'s required findings. *Compare Brooks* at ¶ 15. Linde's argument that the trial court failed to make the required statutory findings before imposing consecutive sentences upon him lacks merit. Linde's second assignment of error is overruled.

### III

{¶27} Linde's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
CONCURRING IN JUDGMENT ONLY.

{¶28} I concur in the majority's judgment. However, I would overrule Mr. Linde's assignments of error in light of the limited arguments made on appeal. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. Summit No. 18349, 1998 WL 224934, \*8 (May 6, 1998).

{¶29} I also write to emphasize that although some Ohio Appellate Courts seemed to have come to the conclusion that aggravated robbery and aggravated burglary are not allied offenses under any circumstances, I believe that such an absolute position cannot be taken under *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314. As indicated in the main opinion, some courts have concluded that these offenses must merge. *See, e.g., State v. Jackson*, 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 137 ("Since *Johnson* was decided, we have held that aggravated robbery and aggravated burglary often are not allied offenses of similar import, and therefore do not merge for sentencing, because the a burglary is complete upon entry into the victim's home, and a robbery subsequently committed inside the home constitutes a new, separate offense."). However, under *Johnson*, it is necessary to examine: (1) whether the offenses *could* be committed by the same conduct and (2) whether the offenses in the case at hand actually were committed with the same conduct. *State v. Washington*, 9th Dist. Lorain No. 11CA010015, 2012-Ohio-2117, ¶ 8, citing *Johnson* at ¶ 47-49. Moreover, the analysis must be guided by the theory advanced by the prosecution. "[I]n making its allied offense determination, a trial court must be guided by a review of the evidence introduced at trial and constrained by the theories and legal arguments set forth by the State." *Washington* at ¶ 9, citing *Johnson* at ¶ 69-70 (O'Connor, J., concurring in judgment). Even though there may be alternative theories, a trial

court's determination of whether two offenses constitute offenses of similar import is guided by the arguments made by the State. *Washington* at ¶ 10. For these reasons, I believe that the question of whether aggravated robbery and aggravated burglary merge should be decided on a case-by-case basis rather than in absolute terms as some districts have done.[3]

APPEARANCES:

LEONARD J. BREIDING, II, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.

---

[3] Although some appellate courts have based their analysis upon the premise that the aggravated burglary is complete upon entry into the victim's home, it is worth noting that the Supreme Court has held, albeit in a context different than allied offenses, that "[t]he crime of aggravated burglary continues so long as the defendant remains in the structure being burglarized." *State v. Powell*, 59 Ohio St.3d 62 (1991), paragraph one of the syllabus.