[Cite as *State v. Santamaria*, 2014-Ohio-4787.]

STATE OF OHIO        )               IN THE COURT OF APPEALS
                            )ss:            NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                        C.A. No.     26963

     Appellee

     v.                              APPEAL FROM JUDGMENT
                                  ENTERED IN THE
ANGELO J. SANTAMARIA, JR.       COURT OF COMMON PLEAS
                                  COUNTY OF SUMMIT, OHIO
     Appellant               CASE No.     CR 11 06 1461 (B)

### DECISION AND JOURNAL ENTRY

Dated: October 29, 2014

---

MOORE, Judge.

{¶1} Defendant-Appellant, Angelo Santamaria, Jr., appeals from the November 2, 2012 judgment entry of the Summit County Court of Common Pleas. We affirm, in part, reverse, in part, and remand for further proceedings consistent with this decision.

I.

{¶2} Mr. Santamaria, Jr., along with co-defendant Robert Linde, broke into Mr. George Nemeth's residence in order to rob him. The co-defendants did not realize that Mr. Nemeth was home, and Mr. Nemeth hid from them and called the police. Thinking that they had left the premises, Mr. Nemeth came out from hiding. At that time, Mr. Santamaria, Jr. and Mr. Linde physically assaulted Mr. Nemeth and threatened him with a knife.

{¶3} In 2011, Mr. Santamaria, Jr. was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1)/(3), one count of aggravated burglary, in violation of R.C.

2911.11(A)(1)/(3)[1], and one count of possessing criminal tools, in violation of R.C. 2923.24. *State v. Santamaria*, 9th Dist. Summit No. 26206, 2012-Ohio-2375, ¶ 2 ("*Santamaria I*"). He pleaded guilty to aggravated robbery and aggravated burglary, and the State dismissed the count for possessing criminal tools. *Id*. The trial court sentenced him to eight years of imprisonment for aggravated robbery, and seven years of imprisonment for aggravated burglary, to be served consecutively, for a total of fifteen years. *Id*. Mr. Santamaria, Jr. appealed to this Court, arguing that the trial court erred by (1) failing to merge the counts for aggravated robbery and aggravated burglary, and (2) ordering consecutive sentences.

{¶4} On appeal, we reversed Mr. Santamaria, Jr.'s convictions in order to allow the trial court to apply *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, in the first instance and determine whether his convictions for aggravated robbery and aggravated burglary should merge as allied offenses of similar import. *Id.* at ¶ 3-4. Upon remand, the trial court conducted a hearing and concluded that Mr. Santamaria, Jr.'s convictions should not merge under *Johnson.* The trial court then ordered a presentence investigation report ("PSI") and set the matter for a sentencing hearing. Subsequently, at resentencing, the trial court ordered Mr. Santamaria, Jr.'s sentences for aggravated robbery and aggravated burglary to run consecutively, for a total of fifteen years of imprisonment.

{¶5} Mr. Santamaria, Jr. appealed and raises three assignments of error for our review.

---

[1] In *State v. Linde*, 9th Dist. Summit No. 26714, 2013-Ohio-3503, ¶ 16, fn. 2, this Court noted that R.C. 2911.11(A)(3) does not exist and that the reference was probably a clerical error intended to refer to R.C. 2911 .11(A)(2).

II.

**<u>ASSIGNMENT OF ERROR I</u>**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING [MR.] SANTAMARIA, JR. WITHOUT PROPERLY CREDITING TO HIS SENTENCE OF INCARCERATION THE NUMBER OF DAYS THAT HE WAS CONFINED PRIOR TO CONVICTION AND RE-SENTENCING.

**{¶6}** In his first assignment of error, Mr. Santamaria, Jr. argues that the trial court erred by failing to properly calculate his jail-time credit at the resentencing hearing and include it in the November 2, 2012 sentencing entry.

**{¶7}** The State has conceded to Mr. Santamaria, Jr.'s first assignment of error.

**{¶8}** "The Supreme Court of Ohio has indicated that the failure of a trial court to calculate jail-time credit is 'remediable in the ordinary course of law by appeal or motion for jail-time credit.'" *State v. Clark*, 9th Dist. Summit No. 26673, 2013-Ohio-2984, ¶ 16, quoting *State ex rel. Williams v. McGinty,* 129 Ohio St.3d 275, 2011-Ohio-2641, ¶ 2; *see also* R.C. 2929.19(B)(2)(g)(iii) ("The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion. If the court changes the number of days in its determination or redetermination, the court shall cause the entry granting that change to be delivered to the department of rehabilitation and correction without delay.").

**{¶9}** Further, "[t]he revisions to R.C. 2929.19(B)(2)(g) have clarified a trial court's responsibilities in addressing jail-time credit." *Clark* at ¶ 16, citing *State v. Papczun,* 9th Dist. Summit No. 26560, 2013-Ohio-1162, ¶ 12, fn. 1 (Belfance, J., concurring in judgment only);

*State v. Fitzgerald,* 8th Dist. Cuyahoga No. 98723, 2013-Ohio-1893, ¶ 5–7 (Boyle, J., concurring). R.C. 2929.19(B)(2)(g)(i) now states that:

> Subject to division (B)(3) of this section, if the sentencing court determines at the sentencing hearing that a prison term is necessary or required, the court *shall * * * [d]etermine, notify the offender of, and include in the sentencing entry* the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code. The court's calculation shall not include the number of days, if any, that the offender previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

(Emphasis added.)

{¶10}  Based upon the foregoing, the trial court had a duty to calculate Mr. Santamaria, Jr.'s jail-time credit at the time of his resentencing, notify him of the number of days he would be credited, and memorialize that information in the sentencing entry.  Instead, the trial court stated, "I will give him credit for all time served in the Summit County Jail as well as in the institution." Further, the sentencing entry indicates that the "aggregate credit for time served, including prison time, is to be calculated by the Adult Probation Department and will be forthcoming in a subsequent journal entry."  Therefore, because the trial court failed to properly calculate Mr. Santamaria, Jr.'s jail-time credit at the resentencing hearing and include this calculation in the sentencing entry, we reverse and remand for the trial court to remedy this error.

{¶11}  Accordingly, Mr. Santamaria, Jr.'s first assignment of error is sustained.

### ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND/OR PLAIN ERROR WHEN IT SENTENCED [MR. SANTAMARIA, JR.] TO CONSECUTIVE TERMS WITHOUT STRICTLY FOLLOWING [THE] STATUTE.

{¶12} In his second assignment of error, Mr. Santamaria, Jr. argues that the trial court erred in ordering consecutive sentences without making the findings required by R.C. 2929.14(C)(4) at the resentencing hearing. We agree.

{¶13} "A plurality of the Supreme Court of Ohio held that appellate courts should implement a two-step process when reviewing a felony sentence." *State v. Clayton*, 9th Dist. Summit No. 26910, 2014-Ohio-2165, ¶ 43, citing *State v Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, ¶ 26. "The first step, reviewed de novo, is to ensure that the trial court complied with applicable rules and statutes in imposing the sentence." *Id.* "If the first step is satisfied, the second [step] is to review the term of imprisonment for an abuse of discretion." *Id.*

{¶14} R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that [1] the consecutive service is necessary to protect the public from future crime or to punish the offender and [2] that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and [3] if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Emphasis added.)

{¶15} Recently, in *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus, the Supreme Court of Ohio stated that:

> In order to impose consecutive terms of imprisonment, a trial court is *required* to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing *and* incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

(Emphasis added.)

{¶16} Here, in ordering Mr. Santamaria, Jr. to serve consecutive sentences for aggravated robbery and aggravated burglary, the trial court stated:

> I think you know how I feel about this case. A horrific offense for this gentleman. Things could have turned out a lot worse. You know, you have potential as well. Heroin also made you make some terrible decisions.
>
> * * *
>
> So the best I could tell you is behave yourself in prison, become productive in prison, and, again, I'm sure the State will oppose any motion for judicial [release].
>
> You're going to be eligible at some point in time. I would always review those. I'll make a decision.
>
> * * *
>
> For aggravated robbery, a felony of the first degree, the [c]ourt will impose a sentence of eight years definite term incarceration, together with a period of five years mandatory post-release control.
>
> * * *
>
> For aggravated burglary, a felony of the first degree, the Court will impose a sentence of seven years definite term incarceration, together with a period of five years post-release control. That's mandatory under the law.
>
> The two sentences are to run consecutively with each other, not concurrently.

Although the trial court openly expressed disdain regarding Mr. Santamaria, Jr.'s offenses, due, in part, to the horror he caused the victim, the trial court did not find, at the sentencing hearing, that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) at least one of the

three findings set forth in R.C. 2929.14(C)(4)(a)-(c) applies. *See Clayton*, 2014-Ohio-2165, at ¶ 44. In its sentencing entry, the trial court did make the requisite R.C. 2929.14(C)(4) findings.

{¶17} However, based upon *Bonnell*, the trial court was required to make these findings *both* at the time of sentencing and in its sentencing entry. *Bonnell* at ¶ 29. ("When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. And because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." (Citations omitted.) (Emphasis added.))

{¶18} Upon our review, we conclude that, because the trial court did not make the correct R.C. 2929.14(C)(4) findings *at the time of sentencing*, the imposition of consecutive sentences, in this case, is contrary to law and the matter must be remanded for resentencing. *See Bonnell*, 2014-Ohio-3177, at ¶ 37.

{¶19} Accordingly, Mr. Santamaria, Jr.'s second assignment of error is sustained.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT FAILED TO MERGE COUNTS 1 AND 2 FOR SENTENCING PURPOSES AS THEY WERE ALLIED OFFENSES OF SIMILAR IMPORT.

{¶20} In his third assignment of error, Mr. Santamaria, Jr. argues that the trial court erred in failing to properly merge his convictions for aggravated robbery and aggravated burglary as allied offenses of similar import.

{¶21} Ohio's allied offense statute provides as follows:

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

R.C. 2941.25. Thus, two or more offenses arising from the same conduct and similar import only may result in one conviction. R.C. 2941.25(A). Two or more offenses may result in multiple convictions, however, if: (1) they are offenses of dissimilar import; (2) they are separately committed; or (3) the defendant possesses a separate animus as to each. R.C. 2941.25(B).

{¶22} "When determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25, the conduct of the accused must be considered." *Johnson,* 128 Ohio St.3d 153, 2010–Ohio–6314, at syllabus. A plurality of the Ohio Supreme Court set forth a two-part test to analyze whether two offenses are allied offenses of similar import. First, one must determine whether the offenses at issue could be committed by the same conduct. *Id.* at ¶ 47. One does so by asking "whether it is possible to commit one offense *and* commit the other with the same conduct, not whether it is possible to commit one *without* committing the other." (Emphasis sic.) *Id.* at ¶ 48. *See also id.* at ¶ 66 (O'Connor, J., concurring in judgment only.) (offenses are allied "when their elements align to such a degree that commission of one offense would probably result in the commission of the other offense"). Second, one must ask whether the offenses actually were committed by the same conduct, "i.e., 'a single act, committed with a single state of mind.'" *Id.* at ¶ 49, quoting *State v. Brown,* 119 Ohio St.3d 447, 2008–Ohio–4569, ¶ 50 (Lanzinger, J., concurring in judgment only). If the answer to both inquiries is yes, the offenses will merge. *Id.* at ¶ 50.

**{¶23}** In the present matter, the trial court applied *Johnson* and determined that Mr. Santamaria, Jr.'s convictions for aggravated robbery and aggravated burglary were not allied offenses of similar import because the offenses were separate acts committed each with a separate animus. The trial court found that the aggravated burglary occurred upon Mr. Santamaria, Jr. and Mr. Linde entering Mr. Nemeth's home and the aggravated robbery occurred upon Mr. Santamaria, Jr. and Mr. Linde attacking Mr. Nemeth with a knife after he emerged from hiding. *See Linde*, 2013-Ohio-3503, at ¶ 17.

**{¶24}** In considering the first prong of *Johnson*, we must determine whether Mr. Santamaria, Jr.'s convictions for aggravated robbery and aggravated burglary *could* be committed by the same conduct. *Johnson* at ¶ 47.

**{¶25}** The elements of aggravated robbery, as provided in R.C. 2911.01(A) are "[n]o person, in attempting or committing a theft offense, * * * shall * * * (1) [h]ave a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it," or (3) [i]nflict, or attempt to inflict, serious physical harm on another." The elements of aggravated burglary, as provided in R.C. 2911.11(A), are "[n]o person, by force, stealth, or deception, shall trespass in an occupied structure * * * when another person other than an accomplice of the offender is present, with purpose to commit in the structure * * * any criminal offense, if * * * (1)[t]he offender inflicts, or attempts or threatens to inflict physical harm on another[, or] (2)[t]he offender has a deadly weapon or dangerous ordnance on or about the offender's person or under the offender's control."

**{¶26}** In *Linde* at ¶ 18, this Court stated that:

Since *Johnson,* numerous appellate courts have determined that aggravated robbery and aggravated burglary are not allied offenses of similar import because

an aggravated burglary is complete upon an offender's forced entrance and an aggravated robbery requires additional conduct. *See State v. Howard,* 5th Dist. Stark No.2012-CA-00061, 2013-Ohio-1972, ¶ 58-61; *State v. Broomfield,* 10th Dist. Franklin No. 12AP-469, 2013-Ohio-1676, ¶ 23; *State v. Adams,* 1st Dist. Hamilton No. C-120059, 2013-Ohio-926, ¶ 25-28; *State v. Jackson,* 2d Dist. Montgomery No. 24430, 2012-Ohio-2335, ¶ 137; *State v. Rowe,* 3d Dist. Seneca No. 13-10-14, 2011-Ohio-5739, ¶ 52-53; *State v. Hakim,* 6th Dist. Lucas No. L-10-1153, 2011-Ohio-5525, ¶ 43. The exception to the general rule has been in cases where the offender was convicted *strictly under the physical harm subsections of both the aggravated burglary and aggravated robbery statutes*, as neither crime could be completed until the physical harm element was satisfied. *See State v. Shears,* 1st Dist. Hamilton No. C-120212, 2013-Ohio-1196, ¶ 41-42; *State v. Jarvi,* 11th Dist. Ashtabula No.2011-A-0063, 2012-Ohio-5590, ¶ 17-25. Here, [Mr.] Linde was not convicted strictly under the physical harm subsections of aggravated burglary and aggravated robbery. Rather, he was convicted under alternative subdivisions of both offenses. *Compare Shears* at ¶ 41-42; *Jarvi* at ¶ 17-25.

(Emphasis added.) Here, similar to *Linde*, Mr. Santamaria, Jr. was also convicted under alternative subsections of aggravated burglary and aggravated robbery, so the physical harm exception would not apply in *this* case. *See Shears* at ¶ 41-42. However, because in some instances, it is possible to commit these offenses with the same conduct, we now look to the second prong of *Johnson*, i.e. whether the evidence supports that Mr. Santamaria, Jr. actually committed these crimes with the same conduct or animus. *See Johnson* at ¶ 49.

**{¶27}** Our analysis of the second prong of *Johnson* is similar to that in *Linde* because Mr. Santamaria, Jr. and Mr. Linde committed the crimes of aggravated robbery and aggravated burglary against Mr. Nemeth as co-defendants. Although Mr. Santamaria, Jr. and Mr. Linde were represented by separate counsel, their *Johnson* hearings were held simultaneously and the same evidence was presented both for and against merger. We note that the record is very limited as to the facts in this case because both Mr. Santamaria, Jr. and Mr. Linde pleaded guilty to these crimes and the trial court ordered the pre-sentence investigation ("PSI") report after the

*Johnson* hearing, but prior to resentencing. We note that the PSI was not made part of the record on appeal.

{¶28} Based upon our review of the limited record before us, we conclude that Mr. Santamaria, Jr. completed the offenses of aggravated robbery and aggravated burglary with separate animi. The record indicates that Mr. Santamaria, Jr. and Mr. Linde were casing Mr. Nemeth's home in order to burglarize it and did not realize that Mr. Nemeth was home at the time of the break-in. The record further indicates that, after Mr. Nemeth called the police and came out from his hiding place, Mr. Santamaria, Jr. and Mr. Linde attacked him and threatened him with a knife. As such, the crime of aggravated burglary occurred when Mr. Santamaria, Jr. broke into Mr. Nemeth's home, with a deadly weapon on his person, intending to commit burglary in the premises. Additionally, the crime of aggravated robbery occurred later in time when, as Mr. Santamaria, Jr. was committing the burglary, Mr. Nemeth came out of hiding and was attacked. *See Linde* at ¶ 19.

{¶29} Based upon the foregoing, we cannot say that the trial court erred in concluding that Mr. Santamaria, Jr.'s convictions for aggravated robbery and aggravated burglary should not merge under *Johnson* as allied offenses of similar import.

{¶30} Accordingly, Mr. Santamaria, Jr.'s third assignment of error is overruled.

III.

{¶31} In sustaining Mr. Santamaria, Jr.'s first and second assignments of error, and overruling his third assignment of error, the judgment of the Summit County Court of Common Pleas is affirmed, in part, reversed, in part, and remanded for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

CARLA MOORE
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

DENISE E. FERGUSON, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.