[Cite as *State v. Santamaria*, 2015-Ohio-5097.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 27637 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ANGELO SANTAMARIA JR. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 11 06 1461B |

DECISION AND JOURNAL ENTRY

Dated: December 9, 2015

SCHAFER, Judge.

{¶1}   Defendant-Appellant, Angelo J. Santamaria, Jr., appeals from his sentence in the Summit County Court of Common Pleas.  For the reasons set forth below, we affirm in part and reverse in part.

I.

{¶2}   This is the third appeal Santamaria has filed involving his sentence for aggravated burglary and aggravated robbery.  In the most recent appeal, *State v. Santamaria*, 9th Dist. Summit No. 26963, 2014-Ohio-4787 ("*Santamaria II*"), this Court set forth the underlying factual and procedural history as follows:

> Mr. Santamaria, Jr., along with co-defendant Robert Linde, broke into Mr. George Nemeth's residence in order to rob him.  The co-defendants did not realize that Mr. Nemeth was home, and Mr. Nemeth hid from them and called the police.  Thinking that they had left the premises, Mr. Nemeth came out from hiding.  At that time, Mr. Santamaria, Jr. and Mr. Linde physically assaulted Mr. Nemeth and threatened him with a knife.

In 2011, Mr. Santamaria, Jr. was indicted on one count of aggravated robbery, in violation of R.C. 2911.01(A)(1)/(3), one count of aggravated burglary, in violation of R.C. 2911.11(A)(1)/(3)[1], and one count of possessing criminal tools, in violation of R.C. 2923.24. *State v. Santamaria*, 9th Dist. Summit No. 26206, 2012-Ohio-2375, 2 ("*Santamaria I*"). He pleaded guilty to aggravated robbery and aggravated burglary, and the State dismissed the count for possessing criminal tools. *Id.* The trial court sentenced him to eight years of imprisonment for aggravated robbery, and seven years of imprisonment for aggravated burglary, to be served consecutively, for a total of fifteen years. *Id.* Mr. Santamaria, Jr. appealed to this Court, arguing that the trial court erred by (1) failing to merge the counts for aggravated robbery and aggravated burglary, and (2) ordering consecutive sentences.

On appeal, we reversed Mr. Santamaria, Jr.'s convictions in order to allow the trial court to apply *State v. Johnson,* 128 Ohio St.3d 153, 2010-Ohio-6314, in the first instance and determine whether his convictions for aggravated robbery and aggravated burglary should merge as allied offenses of similar import. [*Santamaria I*] at ¶ 3–4. Upon remand, the trial court conducted a hearing and concluded that Mr. Santamaria, Jr.'s convictions should not merge under *Johnson.* The trial court then ordered a presentence investigation report * * * and set the matter for a sentencing hearing. Subsequently, at resentencing, the trial court ordered Mr. Santamaria, Jr.'s sentences for aggravated robbery and aggravated burglary to run consecutively, for a total of fifteen years of imprisonment.

*Id*. at ¶ 2-4.

**{¶3}** In 2014, Santamaria again appealed, arguing that the trial court failed to properly determine jail-time credit, erred in its imposition of consecutive sentences, and erred in concluding that aggravated burglary and aggravated robbery were not allied offenses of similar import. This Court affirmed the trial court's determination regarding allied offenses, but reversed and remanded the matter to the trial court: (1) to properly calculate Santamaria's jail-time credit at the resentencing hearing and include the calculation in the

---

[1] In *State v. Linde,* 9th Dist. Summit No. 26714, 2013-Ohio-3503, ¶ 16, fn. 2, this Court noted that R.C. 2911.11(A)(3) does not exist and that the reference was probably a clerical error intended to refer to R.C. 2911.11(A)(2).

sentencing entry; and (2) to make the findings required by R.C. 2929.14(C)(4) when imposing consecutive sentences. *Id*. at ¶ 10, ¶ 18, ¶ 29.

{¶4} On remand, the trial court conducted a resentencing hearing and again determined that Santamaria's offenses are not allied offenses. The trial court also calculated jail-time credit and sentenced Santamaria to consecutive sentences, for an aggregate term of fifteen years of imprisonment. The trial court also ordered Santamaria to have no contact with the victim.

{¶5} Santamaria filed this timely appeal, raising four assignments of error for our review.

## Assignment of Error I

**The trial court committed plain error by failing to reflect the overriding purposes of felony sentencing or the seriousness and recidivism factors in the sentence at bar.**

## Assignment of Error II

**The trial court erred by imposing consecutive sentences when the record did not contain evidence to support the findings.**

{¶6} In his first and second assignments of error, Santamaria challenges the propriety of the trial court's sentence. As both assignments implicate similar issues, this Court elects to address them together.

{¶7} In his first assignment of error, Santamaria argues that the trial court erred by imposing a prison sentence that is "strikingly inconsistent" with the overriding purposes of felony sentencing as articulated in R.C. 2929.11. Specifically, Santamaria contends that his 15-year prison sentence is inconsistent with the purposes of felony sentencing because the facts of his case do not warrant a 15-year prison sentence and also demonstrate that he is a low risk for recidivism. In his second assignment of error, Santamaria contends that the trial court erred by sentencing him to consecutive terms of imprisonment. Specifically, Santamaria maintains that

his prison sentence is disproportional to the gravity of his criminal conduct. This Court disagree on both points.

{¶8} This Court utilizes the test set forth by the Supreme Court of Ohio in *State v. Kalish,* 120 Ohio St.3d 23, 2008–Ohio–4912, when reviewing criminal sentences. *See State v. Roper,* 9th Dist. Summit No. 27025, 2014–Ohio–4786, ¶ 30, *rev'd in part on other grounds*, 143 Ohio St.3d 419, 2015-Ohio-3379 (vacating no-contact order).

> First, [this Court] must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.

*Kalish* at ¶ 26. The Supreme Court of Ohio has held that "[t]rial courts have full discretion to impose a prison sentence within the [applicable] statutory range[.]" *State v. Foster,* 109 Ohio St.3d 1, 2006–Ohio–856, paragraph seven of the syllabus, *abrogated in part on other grounds by Oregon v. Ice*, 555 U.S. 160 (2009). "In exercising that discretion, '[a] court must carefully consider the statutes that apply to every felony case[,] * * * includ[ing] R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender.'" (Alterations sic.) *State v. Davison,* 9th Dist. Lorain No. 10CA009803, 2011–Ohio–1528, ¶ 12, quoting *State v. Mathis,* 109 Ohio St.3d 54, 2006–Ohio–855, ¶ 38. "[W]here the trial court does not put on the record its consideration of [Sections] 2929.11 and 2929.12 [of the Ohio Revised Code], it is presumed that the trial court gave proper consideration to those statutes." (Alterations sic.) *State v. Steidl*, 9th Dist. Medina No. 10CA0025-M, 2011-Ohio-2320, ¶ 13, quoting *Kalish* at ¶ 18, fn. 4. "'Unless the record shows that the court failed to consider the factors, or that the sentence is strikingly inconsistent with the factors, the court is presumed to have considered the statutory

factors if the sentence is within the statutory range.'" (Internal quotations and citations omitted.) *State v. Fernandez*, 9th Dist. Medina No. 13CA0054-M, 2014-Ohio-3651, ¶ 8, quoting *State v. Boysel*, 2d Dist. Clark No. 2013-CA-78, 2014-Ohio-1272, ¶ 13.

{¶9} "The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). R.C. 2929.12 in turn provides that a sentencing judge has discretion to determine the most effective means of complying with the purposes and principles of sentencing. R.C. 2929.12(B) includes factors that suggest that the offense is more serious. R.C. 2929.12(C) includes factors suggesting the offense is less serious. The recidivism factors—factors indicating an offender is more or less likely to commit future crimes—are set forth in R.C. 2929.12(D) and (E).

{¶10} In the instant case, the trial court sentenced Santamaria to seven years in prison for aggravated burglary, a first degree felony, and eight years in prison for aggravated robbery, also a first degree felony, with those sentences to be served consecutively. These respective sentences fall within the prescribed statutory range. R.C. 2929.14(A)(1). As the sentence is not contrary to law, the first prong of the *Kalish* analysis is satisfied. This Court now moves on to consider whether the trial court abused its discretion in imposing a seven-year and eight-year prison sentence on the aggravated burglary and aggravated robbery counts, respectively. An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶11}** Although the trial court did not explicitly mention R.C. 2929.12 during the sentencing hearing on remand, it is presumed that the trial court considered these factors when, as is the case here, a sentence falls within the statutory range. *See Steidl*, 2011-Ohio-2320, at ¶ 13. Moreover, the trial court, who had previously reviewed the presentence investigation, explicitly articulated its reasoning for imposing its sentence as follows:

> [T]he court will reiterate so the Court of Appeals is clear that I considered all the appropriate factors by reiterating that this was a case where a homeowner noticed two individuals outside of his home acting suspiciously. What they were doing was casing his house before breaking into it. Based on that [the homeowner] called 911. The defendants thinking, I suppose, that the house was empty, entered the house, burglarized it. The victim came out of the back bedroom where he was told to hide and was confronted by the defendants. The defendants both attacked the victim, assaulted the victim, threatened the victim with a knife.

In view of the trial court's rationale, this Court determines that the trial court did not abuse its discretion by imposing a seven-year term of imprisonment on the aggravated burglary count and an eight-year term of imprisonment on the aggravated robbery count. Accordingly, even though Santamaria had not previously served jail time and purported to feel remorse for his actions, there is no basis here to conclude that the trial court abused its discretion in sentencing Santamaria.

**{¶12}** Turning to Santamaria's challenge to the trial court's imposition of consecutive sentences in this case, R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed

pursuant to [R.C.] 2929.16, 2929.17, or 2929.18 * * * , or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

The Supreme Court of Ohio has held that, "[i]n order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings." *State v. Bonnell,* 140 Ohio St.3d 209, 2014–Ohio–3177, syllabus.

{¶13} A review of the transcript from the resentencing hearing reveals that after imposing sentences for aggravated burglary and aggravated robbery, the trial court determined that it was necessary to run the sentences consecutively. Specifically, the trial court stated:

> Clearly the court feels that a consecutive sentence is necessary to protect the public from future crimes and to punish the defendant. I do not feel that the consecutive sentences – or the consecutive sentence is not disproportionate to the seriousness of the defendant's conduct here or to the danger he poses to the public. And as I noted, at least two of the multiple offenses were committed as part of one or more courses of conduct. Harm caused by two or more multiple offenses was so great that a single prison term does not adequately reflect the seriousness of the defendant's conduct here.

Given these findings made at the resentencing hearing, as well as the nature of the crimes committed, this Court can find no error in the trial court's imposition of consecutive sentences.

{¶14} Santamaria's first and second assignments of error are overruled.

**Assignment of Error III**

**The aggravated robbery and aggravated burglary are allied offenses of similar import as Mr. Santamaria Jr.'s sole animus was to unlawfully gain drug money from another. [Sic.]**

{¶15} In his third assignment of error, Santamaria argues that the trial court erred by failing to merge his convictions for aggravated burglary and aggravated robbery because both are allied offenses of similar import. Specifically, Santamaria contends that he committed both offenses on the same day, in the same location, within a very shorty time-span, and with a single animus. This Court disagrees, as Santamaria's argument is barred by the doctrine of res judicata.

{¶16} "The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been previously litigated." (Internal quotations and citation omitted.) *State v. Sanders*, 9th Dist. Summit No. 27189, 2014-Ohio-5115, ¶ 6. In *Santamaria II*, this Court held that Santamaria's aggravated burglary and aggravated robbery offenses were not allied offenses of similar import because Santamaria had completed both offenses with separate animi. *Santamaria II* at ¶ 28. However, this Court subsequently remanded the matter so that the trial court could correct a sentencing issue and calculate jail-time credit. *Id*. at ¶ 10, ¶ 18. In the present appeal, Santamaria now attempts to reargue the trial court's refusal to merge the aggravated burglary and aggravated robbery offenses for purposes of sentencing. As this Court has already addressed Santamaria's argument on this point in his prior appeal, Santamaria's argument is now barred by the doctrine of res judicata.

{¶17} Santamaria's third assignment of error is overruled.

**Assignment of Error IV**

**The trial court erred by imposing a "no-contact" order between Santamaria Jr. and the prosecuting witness.**

**{¶18}** In his fourth assignment of error, Santamaria contends that the trial court erred by issuing a no-contact order in addition to a term of imprisonment. This Court agrees.

**{¶19}** After the trial court's November 24, 2014 resentencing hearing, the Supreme Court of Ohio released its opinion in *State v. Anderson*, 143 Ohio St.3d 173, 2015–Ohio–2089, where it held that "[a] trial court cannot impose a prison term and a no-contact order for the same felony offense." *Id. at* ¶ 1. In reaching this decision, the Court noted that the General Assembly intended prison and community-control sanctions as alternative sentences for a felony offense, and a trial court must impose either a prison term or a community control sanction absent an express exception. *Id.* at ¶ 31.

**{¶20}** In this case, the trial court erred by imposing both a prison sentence and a no-contact order for the felony offenses of aggravated burglary and aggravated robbery. Accordingly, this matter is hereby remanded with instructions that the trial court vacate the no-contact order. *See State v. Clayton*, 9th Dist. Summit No. 27515, 2015-Ohio-2499, ¶ 12 (instructing the trial court to vacate its no-contact order while keeping its prison sentence in place).

**{¶21}** Santamaria's fourth assignment of error is sustained.

### III.

**{¶22}** In sustaining Santamaria's fourth assignment of error, and overruling his first, second, and third assignments of error, the judgment of the Summit County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

JULIE A. SCHAFER
FOR THE COURT

HENSAL, P. J.
CONCURS IN JUDGMENT ONLY.

MOORE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

SARAH MARGARET HULBURT, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.