[Cite as *State v. Lowry*, 2016-Ohio-5547.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 16CA2 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| BOBBY L. LOWRY, | : | |
| Defendant-Appellant. | : | RELEASED 08/23/2016 |

APPEARANCES:

Jesse A. Atkins, Atkins and Atkins, Attorneys at Law, LLC, Circleville, Ohio, for appellant.

Judy C. Wolford, Pickaway County Prosecuting Attorney, and Jayme Hartley Fountain, Pickaway County Assistant Prosecuting Attorney, Circleville, Ohio, for appellee.

Hoover, J.

{¶1}   Defendant-appellant, Bobby L. Lowry ("Lowry"), appeals the judgment of the Pickaway County Court of Common Pleas, which sentenced him to three years of community control with a specific condition that he not have any contact with any minor children, unless the minor is a family member. The trial court ordered that if the minor child is a family member, then any contact would have to be supervised by another adult. On appeal, Lowry contends that the trial court erred by ordering that he have no contact with minor children. Lowry argues that this portion of the sentence was an abuse of discretion and that it should be overturned. In contrast, the State of Ohio ("State") asserts that the trial court did not abuse its discretion.

{¶2}   The trial court did not err in the sentencing of Lowry. Therefore, we affirm the judgment of the trial court.

## I. Facts and Procedural History

{¶3}    On March 20, 2015, Lowry was indicted on two counts of possession of cocaine, violations of R.C. 2925.11(A)/(C)(4)(a), felonies of the fifth degree. The record is silent as to the underlying facts of the indictment. On March 30, 2015, Lowry was arraigned and entered a plea of not guilty to both counts of the indictment. On August 18, 2015, Lowry changed his plea to guilty to both counts of the indictment. The trial court then ordered a presentence investigation.

{¶4}    On December 16, 2015, the trial court held a sentencing hearing. The trial court, Lowry, and the State reviewed the presentence investigation report. Despite a prior felony conviction, the State recommended that Lowry receive community control. The State acknowledged that Lowry (1) transported his mother and aunt to their medical appointments; (2) had various medical issues requiring treatment at Scioto Paint Valley; and (3) had a clean drug screen. Lowry's attorney added that Lowry ran the drug programs in two churches and drives for them. The trial court placed Lowry on community control even though it stated, "the presentence report indicates here your past incarceration weighs against you and is a very strong factor to indicate that you should be in prison."

{¶5}    The trial court further imposed the following conditions:

THE COURT WILL IMPOSE A CURFEW OF 9:00 P.M. TO 6:00 A.M. THE

COURT ALSO IS GOING TO ORDER THAT YOU HAVE NO CONTACT

WITH ANY MINOR CHILDREN, ANY MINORS UNDER THE AGE OF 18;

YOU ARE NOT TO HAVE ANY CONTACT, UNLESS IT IS A FAMILY

MEMBER AND, IN THAT EVENT, ONLY IF THERE ARE OTHER FAMILY

MEMBERS THAT ARE ALSO PRESENT, YOU'RE ALSO ORDERED TO

ENROLL IN, IF YOU ARE NOT ALREADY ENROLLED IN AND

SUCCESSFULLY COMPLETE SUBSTANCE ABUSE COUNSELING.

{¶6}   This timely appeal followed.

## II. Assignment of Error

{¶7}   Lowry assigns the following error for our review:

APPELLANT'S SENTENCE CONDITION ORDERING THAT HE HAVE NO
CONTACT WITH MINOR CHILDREN IS AN ABUSE OF DISCRETION AND
SHOULD BE OVERTURNED[.]

## III. Law and Analysis

### A. Standard of Review

{¶8}   Lowry argues his case applying the two-step approach and the abuse of discretion analysis set forth in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124. The State agrees that the appellant correctly cites the standard of review. However, the Ohio Supreme Court recently abrogated *Kalish* in *State v. Marcum*, _____ Ohio St.3d _____, 2016-Ohio-1002, _____ N.E.3d _____.

{¶9}   In *Marcum*, the Supreme Court answered the certified question: "[D]oes the test outlined by the [c]ourt in *State v. Kalish* apply in reviewing felony sentences after the passage of R.C. 2953.08(G)?" *Id.* at ¶ 6. The Supreme Court answered the certified question in the negative and addressed the standard of review that appellate courts must apply when reviewing felony sentences:

Applying the plain language of R.C. 2953.08(G)(2), we hold that an appellate

court may vacate or modify a felony sentence on appeal only if it determines by

clear and convincing evidence that the record does not support the trial court's

findings under relevant statutes or that the sentence is otherwise contrary to law.

In other words, an appellate court need not apply the test set out by the plurality in

*State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124.

*Id.* at ¶ 1. Therefore, we will apply the above standard of review in determining whether the trial

court erred in imposing the condition precluding Lowry from unsupervised contact with minors.

**B. Lowry's sentence is not contrary to law; and we cannot determine by clear and**

**convincing evidence that the record does not support the trial court's sentence.**

{¶10}   In his appellate brief, Lowry concedes that the trial court's sentence was not

clearly and convincingly contrary to law. Lowry submits that the trial court complied with all

applicable rules and statutes in imposing the sentence. Instead, Lowry argues that the trial court

abused its discretion in imposing the condition precluding Lowry from unsupervised contact with

minor children. We find no merit to this argument. After Lowry concedes that his sentence is not

contrary to law, we may reverse the sentence only if we clearly and convincingly find that the

record does not support the trial court's sentence. *See Marcum* at ¶ 23 (noting that while some

sentences do not require the findings that R.C. 2953.08(G) specifically addresses, an appellate

court may still vacate or modify any sentence that is not clearly and contrary to law only if the

appellate court finds by clear and convincing evidence that the record does not support the

sentence).

{¶11}   After fully reviewing the record, we note that the record is silent as to the facts

underlying the indictment. Although the record demonstrates that the trial court, the prosecutor,

and Lowry's attorney reviewed the presentence investigation report, Lowry did not request that

the presentence investigation report be included in the record. In the absence of a complete record, the appellate court has no choice but to presume regularity. *State v. Linde*, 9th Dist. Summit No. 26714, 2013-Ohio-3503, ¶ 23; *State v. Troglin*, 3d Dist. Union No. 14-06-57, 2007-Ohio-4368, ¶ 29.

{¶12} Prior to sentencing Lowry, the trial court did address him specifically stating:

* * * THIS COURT IS QUITE FAMILIAR WITH YOU OVER THE PAST FEW YEARS AND HAS SENTENCED YOU BEFORE TO PRISON FOR SOME CRIMINAL ACTIVITY THAT INVOLVED TAKING ADVANTAGE OF OTHER PEOPLE.

MR. HUFFER INDICATES THAT YOU WERE INOVLVED IN A CHURCH PROGRAM WHERE YOU WERE ENTRUSTED WITH THE RESPONSIBILITY I GUESS OF TRYING TO HELP OTHER PEOPLE THAT MIGHT HAVE DRUG PROBLEMS.

* * *

YOU MENTIONED YOUR SON. NOW I'M NOT GOING TO SPEAK ABOUT OTHERS IN YOUR FAMILY EXCEPT TO THE EXTENT THAT YOU MENTIONED IT, BECAUSE THIS COURT IS FAMILIAR WITH HIM, HE DOES NEED SUPPORT. THERE'S GREAT FEAR THAT HE MIGHT MAKE THE SAME KIND OF POOR DECISIONS AS AN ADULT THAT YOU HAVE. AND THEN WHERE'S THAT PUT HIS CHILD?

{¶ 13} The record does provide insight that the trial court was familiar with Lowry, his prior conviction, and his family. The record demonstrates that the trial court was aware Lowry

was expecting a grandchild; that his medication was just changed; and that Lowry expected "stressful things coming down on [him]." We cannot find by clear and convincing evidence that the record does not support the trial court's sentence.

## IV. Conclusion

{¶ 14} After our review of the record, we conclude the trial court's findings for the condition that it imposed upon Lowry is amply supported in the record. We also find that his sentence is not contrary to law. We refuse to reverse the sentence. Thus, Lowry's sole assignment of error is without merit; and it is overruled. We affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED. Appellant shall pay the costs.

The Court finds that reasonable grounds existed for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND/OR RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.: Concurs in Judgment and Opinion.
McFarland, J.: Concurs in Judgment Only.

For the Court

BY: _____
          Marie Hoover, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**